UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN MIX,

    Plaintiff,                                 CIVIL ACTION NO. 05 CV 72472 DT

    v.                                         DISTRICT JUDGE GERALD E. ROSEN

JO ANNE B. BARNHART,                 MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER
OF SOCIAL SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I. Introduction**

    This Supplemental Security Income (SSI) case comes before the court on the parties' cross-motions for summary judgment. For the reasons stated herein, the court recommends that the Commissioner's motion be granted and that plaintiff's motion be denied.

**II. Background**

    On or about March 31, 1997, plaintiff filed an application for SSI, alleging that she was disabled due to carpal tunnel syndrome, scoliosis, back problems, nerve damage, and psychiatric problems, with an onset date of March 18, 1997. (Tr. 54-56, 58-59) The Social Security Administration (SSA) denied plaintiff's claim initially and on reconsideration. (Tr. 38-43) Plaintiff then requested a hearing before an administrative law judge (ALJ). (Tr. 47-53) The

hearing was held on June 18, 1998 before ALJ William Musseman. (Tr. 1083-1110) On August 21, 1998, ALJ Musseman issued a decision denying plaintiff's claim. (Tr. 332-341) Plaintiff filed a request for review of ALJ Musseman's decision. (Tr. 350) The SSA's Appeals Council granted the request and remanded the matter to ALJ Musseman for further proceedings, concluding that the ALJ failed to properly assess plaintiff's mental impairments and her residual functional capacity (RFC). (Tr. 355-358)

On remand, ALJ Musseman held a second hearing and, following that hearing, issued a second decision denying plaintiff's claim. (Tr. 481-490, 1111-1127) On July 1, 2002, the Appeals Council once again vacated ALJ Musseman's decision and remanded the matter for further proceedings, concluding, as it did before, that the ALJ did not properly assess plaintiff's residual functional capacity. (Tr. 504-507)

On remand, the matter was heard by ALJ John Ransom. (Tr. 1128-1145) On April 12, 2004, ALJ Ransom issued a decision denying plaintiff's claim. (Tr. 20-31) The ALJ determined that plaintiff suffered from degenerative disc disease of the lumbar and cervical spine, carpal tunnel syndrome, psychosis, bipolar disorder, and anxiety, and that her impairments were "severe" withing the meaning of 20 C.F.R. § 416.920(a)(4)(ii), but that she did not have an impairment that met or equaled any of the impairments listed in Appendix 1, Subpart P of the Social Security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform "sedentary" work, and, based upon the testimony of a vocational expert (VE), that there were significant number of jobs in the national economy that plaintiff could

perform notwithstanding her physical and mental impairments.[1]  Accordingly, the ALJ found that plaintiff was not "disabled" within the meaning of the Social Security Act.  (Tr. 27-29)

On April 15, 2004, plaintiff filed a request for review of the ALJ's decision with the Appeals Council.  (Tr. 15-19)  The Council denied the request on April 20, 2005.  (Tr. 4-6)  The ALJ's decision thus became the final determination of the Commissioner.

On June 22, 2005, plaintiff filed suit for review of the Commissioner's decision pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).  As noted above, the matter comes before the court on the parties' cross-motions for summary judgment.  Plaintiff contends in her motion that the ALJ did not sufficiently account for her concentration deficiencies in the hypothetical question he posed to the VE at the hearing and, therefore, that the ALJ could not properly rely on the VE's testimony in concluding that plaintiff is not disabled.  The Commissioner contends that the ALJ's decision is supported by substantial evidence and should thus be affirmed.

### III.  Legal Standards

#### A.  Disability Evaluation

A person is "disabled" within the meaning of the Social Security Act "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

---

[1]"Sedentary" work is defined in 20 C.F.R. § 416.967(a) as follows:
Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying our job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A).  Further,

> an individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work

42 U.S.C. § 1382c(a)(3)(C)(I).  The claimant bears of the burden of proving that she is disabled. Foster v. Halter, 279 F.3d 348, 353 (6th Cir. 2001).

A five-step process is used to evaluate SSI claims.  See 20 C.F.R. § 416.920.  In Foster, Id. at 354 (citations omitted), the Sixth Circuit discussed the process:

> The claimant must first show that she is not engaged in substantial gainful activity. Next the claimant must demonstrate that she has a "severe impairment."  A finding of "disabled" will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and "meets or equals a listed impairment. If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work.[2]

---

[2] Foster involved a claim for Social Security disability benefits, not SSI, as in this case. However, the analysis is the same regardless of whether the claim in question is one for disability benefits or SSI.

**B. Standard of Review**

Plaintiff seeks review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g), which provides, in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

Judicial review under § 405(g) is limited to a determination of whether the ALJ's findings are supported by substantial evidence and whether the ALJ applied the proper legal standards. Brainard v. Secretary of HHS, 889 F.2d 679, 681 (6th Cir. 1989); Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997). The Sixth Circuit stated in Brainard, 889 F.3d at 681, that "[s]ubstantial evidence is more than a mere scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Further, " the decision of an ALJ is not subject to reversal, even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." Key, 109 F.3d at 273.

**IV. Analysis**

The ALJ determined that as a result of her mental impairments, plaintiff was moderately restricted in her activities of daily living, that she had moderate difficulties in maintaining social functioning, that she had moderate deficiencies of concentration, persistence, or pace, and that she had experienced two episodes of decompensation of extended duration as a result of her impairments. (Tr. 28) In assessing plaintiff's RFC, the ALJ included the following restrictions

in order to accommodate plaintiff's mental impairments: "The claimant should also avoid work activity that requires more than limited public contact and the performance of more than simple repetitive tasks." (Tr. 30)  The ALJ also included these restrictions in the hypothetical question he posed to the VE at the administrative hearing.  In response to the hypothetical, the VE testified that a person with the physical and mental limitations identified by the ALJ could work as a security systems monitor, a time keeper, or an order clerk, and that there were, collectively, 8,900 such jobs in the lower peninsula of the State of Michigan.  (Tr. 1142-43)  Based on the testimony of the VE, the ALJ concluded that plaintiff retained the capacity to perform work that existed in significant numbers in the national economy and, therefore, that she was not disabled.  (Tr. 30-31)

      Where an ALJ poses a hypothetical question to a VE that fully and accurately incorporates a claimant's physical and mental limitations, and the VE testifies that a person with such limitations is capable of performing a significant number of jobs in the national economy, such testimony is sufficient to support a finding that the claimant is not disabled.  <u>Varley v. Secretary of Health and Human Services</u>, 820 F.2d 777, 779 (6th Cir. 1987).  Conversely, where the hypothetical does not paint an accurate picture of the claimant's limitations, the VE's testimony cannot support such a finding.

      Plaintiff's sole contention in this matter is that the restrictions the ALJ included in the hypothetical he posed to the VE related to plaintiff's mental impairments were insufficient to account for the ALJ's determination that plaintiff had "moderate" deficiencies in the area of concentration, persistence, or pace.  In support of her argument, plaintiff cites a number of cases in which courts determined that restrictions similar to those employed by the ALJ in this case

were insufficient to accommodate a moderate deficiency in the area of concentration, persistence, or pace, or a deficiency rated as "often."[3]  See Thomczek v. Chater, 1996 WL 426247 (E.D.Mich. 1996); Newton v. Charter, 92 F.3d 668 (8th Cir. 1996); Bankston v. Commissioner of Social Security, 127 F.Supp.2d 820 (E.D.Mich. 2000); McGuire v. Apfel, 1999 WL 426035 (D. Oregon).

In Thomczek, supra, the ALJ filled out two PRTF forms in which he indicated that the claimant "often" experienced deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner.  The district court determined that the ALJ did not adequately account for the claimant's concentration difficulties in the questions he put to the ALJ regarding plaintiff's capacity to engage in substantial gainful activity.  Though the exchange between the ALJ and the VE is not set forth in the opinion, it appears that the ALJ made no effort whatsoever to convey to the VE the fact that the claimant had a limited ability to concentrate.  In the matter before the court, the ALJ clearly sought to include plaintiff's concentration limitations in the hypothetical he posed to the VE.  While plaintiff contends that the ALJ's efforts in this regard were wanting, the fact remains that the ALJ recognized plaintiff's concentration

---

[3]With respect to mental impairments, ALJs are required under 20 C.F.R. § 404.1520a to rate a claimant's degree of limitation in four functional areas: (1) activities of daily living, (2) social functioning, (3) concentration, persistence, or pace, and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(3).  In the first three of these areas, the following five-point scale is used to rate the degree of impairment: none, mild, moderate, marked, and extreme.  20 C.F.R. § 404.1520a(4). Under the old regulations, the ALJ was required to rate the degree of limitation under a scale using the terms never, seldom, often, frequent, and constant.  The term "moderate" under the current regulations falls at the mid-point of the scale, as does the term "often" under the old regulations.  Accordingly, the terms "moderate" and "often" are, for all intents and purpose, equivalent.

limitations and included some accommodation for that limitation in the hypothetical. Thomczek is, therefore, distinguishable.

In McGuire, supra, the district court concluded that the ALJ's inclusion in the hypothetical of a vocational restriction to "simple" work did not adequately account for his finding that the claimant "often" had deficiencies in concentration, persistence, or pace resulting in failure to complete tasks in a timely manner. In Newton, the Eighth Circuit concluded that the vocational limitation included in the hypothetical restricting the claimant to "simple" tasks did not adequately account for the claimant's moderate deficiencies in concentration, persistence, or pace. Plaintiff claims that a restriction to "simple, repetitive" tasks, as used in this case, accommodates a moderate deficiency in concentration, persistence, or pace no better than the "simple" task restrictions that were rejected in McGuire and Newton.

Plaintiff, in essence, urges upon the court a blanket rule that a restriction to "simple" or "simple, repetitive" tasks is never sufficient to accommodate a claimant's moderate deficiencies in concentration, persistence, or pace. Such a rule would be inappropriate and would, indeed, run contrary to well-established Sixth Circuit case law regarding the use of hypothetical questions. The issue with respect to the review of a hypothetical is whether it accurately portrays the claimant in question. In some cases, a restriction to "simple, repetitive" tasks may be insufficient to accommodate deficiencies in concentration, persistence, or pace, and in some cases, such a restriction may be sufficient. However, each case must be decided on its own facts. Thus, notwithstanding the fact that neither McGuire nor Newton is binding upon this court, the fact that

a vocational restriction similar to that employed by the ALJ in this case was found in those cases to be insufficient does not compel a finding that the ALJ erred in this matter.[4]

Here, plaintiff points to nothing in the record that would undermine the ALJ's determination that plaintiff is capable of performing simple, repetitive tasks in spite of her mental impairments. Plaintiff points to medical records in which she was given Global Assessment of Functioning (GAF) scores below 50, which would indicate serious symptoms or serious impairment in social, occupational, or school functioning. Diagnostic and Statistical Manual of Mental Disorders, 4th Ed. (DSM IV). Such scores, standing alone, provide little information about the functional effect of plaintiff's mental impairment upon her ability to perform work activities and do not persuade the court that the restrictions the ALJ included in the hypothetical are insufficient to accommodate plaintiff's mental impairments. Plaintiff otherwise cites nothing in the record that would warrant the court in concluding that the hypothetical was inaccurate with respect to her mental impairments.

Plaintiff has raised no other objections to the accuracy of the hypothetical or to the findings of the ALJ. Accordingly, the testimony of the VE constitutes sufficient evidence to support the ALJ's determination that plaintiff is not disabled. Varley, supra, 820 F.2d at 779.

---

[4] In Bankston, supra, the district court determined that a deficiency of concentration, persistence, or pace rated as "often" indicated that a person would experience such difficulties 50 percent of the time, and that a 50 percent deficiency in this area was inconsistent with even sedentary employment. Bankston is not binding upon this court, and the court does not find it to be persuasive. Again, each case must be decided on its own facts. Use of a rigid numeric system in which a deficiency rated as "moderate" automatically warrants a finding that the claimant is disabled would be, in the court's view, inconsistent with the Social Security regulations and prevailing Sixth Circuit case law.

**V.  Conclusion**

For the reasons stated above, the court recommends that the Commissioner's motion for summary judgment be **GRANTED**, that plaintiff's motion be **DENIED**, and that plaintiff's complaint be **DISMISSED WITH PREJUDICE**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

                                              s/Virginia M. Morgan
                                              VIRGINIA M. MORGAN
Dated:   January 9, 2006                              UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GWENDOLYN MIX,

        Plaintiff,                      CIVIL ACTION NO. 05 CV 72472 DT

       v.                              DISTRICT JUDGE GERALD E. ROSEN

JO ANNE B. BARNHART,           MAGISTRATE JUDGE VIRGINIA M. MORGAN
COMMISSIONER
OF SOCIAL SECURITY,

        Defendant.
_____/

**PROOF OF SERVICE**

The undersigned certifies that the foregoing Report and Recommendation was served upon counsel of record and the Social Security Administration via the Court's ECF System and/or U. S. Mail on January 9, 2006.

                                          s/Jennifer Hernandez
                                          Case Manager to
                                          Magistrate Judge Virginia M. Morgan